UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 OCT 13  A 9:57
U.S. DISTRICT COURT

| | |
|---|---|
| RAYMOND P. BALDYGA, JR., | : |
| Plaintiff, | : Civil Action No. |
| | : 3:02 CV 1141 (JCH) |
| v. | : |
| SIKORSKY AIRCRAFT CORPORATION, | : October 13, 2004 |
| Defendant. | : |

**DEFENDANT'S STATUS REPORT REGARDING DISCOVERY**

Pursuant to this Court's instructions at the September 28, 2004 Status Conference, defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company") hereby submits this Status Report Regarding Discovery.

**Defendant's Discovery Requests and Plaintiff's Responses Thereto**

Discovery was scheduled to close on March 1, 2003. On November 13, 2002, Sikorsky Aircraft served plaintiff with its First Set of Requests for Production and First Set of Interrogatories. On December 11, 2002, Sikorsky Aircraft served its Second Set of Requests for Production on plaintiff. Plaintiff served his responses to defendant's interrogatories on December 30, 2002, and served his responses to defendant's first requests for production on January 8, 2003.

By letter dated January 23, 2003, Sikorsky Aircraft informed plaintiff of various deficiencies in his responses to defendant's interrogatories and first set of requests for production. Abrams Decl. Exh. A. Sikorsky Aircraft further pointed out that plaintiff had failed

to respond to defendant's second set of requests for production. *Id.* Sikorsky Aircraft requested that plaintiff supplement his responses to address the issues raised in the letter. *Id.*

On February 6, 2003, Sikorsky Aircraft conducted plaintiff's deposition.[1] Plaintiff indicated that he would respond to the January 23 letter and defendant's second set of requests for production within one week of his deposition, by February 12, 2003. On February 18, 2003, plaintiff served his responses to defendant's second set of requests for production. Thereafter, by letter dated February 24, 2003, Sikorsky Aircraft informed plaintiff that it still had not received (1) plaintiff's response to the January 23 letter; (2) a signature page under oath for plaintiff's interrogatory responses, or (3) a supplemental response to defendant's discovery requests beyond the documents served on February 18, 2003. Abrams Decl. Exh. B. Accordingly, Sikorsky Aircraft informed plaintiff that "this letter will confirm that you have no other documents in your possession, custody or control which are responsive to defendant's requests for production of documents, and you have no further information with which to supplement your interrogatory responses. Please be advised that if any information and/or documents are provided later during the pendency of this action, defendant may move to have such information and/or documents stricken and/or excluded from this action." *Id.*

Based upon the foregoing, it is Sikorsky Aircraft's position that plaintiff should be precluded from relying upon any information, including any documents, which has not already been provided to defendant. If the Court disagrees with this position, Sikorsky Aircraft requests that the Court then Order plaintiff to respond to the issues set forth in the January 23, 2003 letter by a date certain or risk dismissal of his case. Sikorsky Aircraft further requests that, in the event the Court Orders plaintiff to respond to the letter and plaintiff provides additional information,

---

[1] Sikorsky Aircraft also took the deposition of a similarly situated employee on February 13, 2003.

2

Sikorsky Aircraft be permitted to re-open plaintiff's deposition to question plaintiff about the additional information.

**Plaintiff's Discovery Requests**

On November 19, 2002, defendant's counsel received a voice mail message from plaintiff regarding items plaintiff sought from Sikorsky Aircraft. By letter dated November 21, 2002, defendant's counsel informed plaintiff that, contrary to his message, Judge Goettel did not Order the Company to provide plaintiff with any information or documentation. Abrams Decl. Exh. C. Counsel informed plaintiff that the areas upon which the parties anticipated the need for discovery, as set forth in the 26(f) Report, was informational only and was not a discovery request. *Id.* Counsel for defendant explained to plaintiff that if plaintiff desired discovery from the Company, plaintiff was required to follow the rules and procedures set forth in the Federal Rules of Civil Procedure and the Local Rules for this Court. *Id.*

Almost three months after the date of this letter -- and approximately eleven days before the discovery cut-off -- on February 18, 2003, plaintiff served defendant by mail with Plaintiff's First Set of Requests for Production. Abrams Decl. Exh. D. This was the first and only discovery request defendant ever received from plaintiff.

By letter dated February 25, 2003 -- seven days after plaintiff mailed his request to defendant -- defendant informed plaintiff, by fax and mail, that defendant would not be responding to plaintiff's request for documents on the grounds that the request was "untimely, as it does not provide the Company with the thirty (30) days required by the Federal Rules of Civil Procedure within which to respond before the close of discovery in this case." Abrams Decl.

3

Exh. E. Pursuant to the Rule 26(f) – Defendant's Report of Planning Meeting, which the Court "SO ORDERED," discovery was to be completed – not propounded – by March 1, 2003.

Plaintiff filed a "Third Motion for an Extension of Time to Complete Discovery," and Sikorsky Aircraft filed an opposition on March 11, 2003. By Order dated March 25, 2003, Judge Goettel granted plaintiff's motion "solely because of the indulgence shown to pro se litigants. The time is extended until the instant discovery request dispute is resolved."[2] Sikorsky Aircraft did not read this Order from Judge Goettel to mean that the discovery period was being extended so as to make the plaintiff's tardy discovery timely. Rather, it read this Order to mean that the discovery period was being extended to allow the plaintiff to get a resolution of the "discovery request dispute," i.e. to get a ruling on whether Sikorsky Aircraft was required to respond to discovery that was propounded too late to be complete by the discovery deadline. The plaintiff never filed a motion to get such a ruling and the "discovery request dispute" remained unresolved. Thereafter, on August 5, 2003, Judge Goettel granted "in the absence of opposition" Defendant's Motion to Stay Proceedings Pending Outcome of Related Case to Vacate Arbitration Award.

Given that the stay has been lifted, and in an effort to move this case forward, Sikorsky Aircraft will withdraw its timeliness objection to plaintiff's discovery and has attached as Exhibit F to the Abrams Declaration its written response to plaintiff's request for production. Defendant expects to produce documents to plaintiff within the next two weeks. Accordingly, the "discovery request dispute" has been resolved and, consistent with Judge Goettel's Order,

---

[2] On April 8, 2003, Sikorsky Aircraft filed a Motion for Extension of Time to File Summary Judgment Motion, seeking an extension until thirty (30) days after the date upon which the discovery request dispute is resolved either by the parties or the Court. That motion was granted on April 21, 2003.

4

discovery is now closed. Accordingly, Sikorsky Aircraft requests that the Court set a deadline for the filing of motions for summary judgment.

                                      Respectfully submitted,

                                      */s/ Anessa Abrams*
                                      Gary L. Lieber (ct13839) (gll@saslaw.com)
                                      Anessa Abrams (ct16594) (aa@saslaw.com)
                                      SCHMELTZER, APTAKER & SHEPARD, P.C.
                                      2600 Virginia Ave., N.W.
                                      Suite 1000
                                      Washington, D.C. 20037-1922
                                      Phone (202) 333-8800
                                      Fax (202) 625-3301

                                      Edward J. Dempsey (ct05183)
                                      Labor Counsel
                                      United Technologies Corporation
                                      United Technologies Building
                                      Hartford, CT 06101
                                      (860) 728-7858
                                      (860) 728-6551 (fax)

                                      Attorneys for Defendant
                                      Sikorsky Aircraft Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S STATUS REPORT REGARDING DISCOVERY** was served by United States Mail, first-class postage prepaid, on this 12th day of October, 2004, addressed to the following:

> Raymond P. Baldyga, Jr.
> 134 Delaware Road
> Easton, CT 06612
>
> *Pro se* plaintiff

_____

B84009