**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2004 OCT 13  A 9: 57

RAYMOND P. BALDYGA, JR.,          :
                                  :
          Plaintiff,              :    Civil Action No.
                                  :    3:02 CV 1141 (JCH)
     v.                           :
                                  :
SIKORSKY AIRCRAFT                 :    October 13, 2004
CORPORATION,                      :
                                  :
          Defendant.              :


**DECLARATION OF ANESSA ABRAMS, ESQ. IN SUPPORT OF DEFENDANT'S**
**STATUS REPORT REGARDING DISCOVERY**


I, Anessa Abrams, hereby declare as follows:


1.     I am an attorney representing Sikorsky Aircraft Corporation, defendant in the above-captioned action. I am making this declaration based upon personal knowledge.

2.     Attached hereto as Exhibit A is a true and correct copy of a letter I sent to plaintiff dated January 23, 2003.

3.     Attached hereto as Exhibit B is a true and correct copy of a letter I sent to plaintiff dated February 24, 2003.

4.     Attached hereto as Exhibit C is a true and correct copy of a letter I sent to plaintiff dated November 21, 2002.

5.     Attached hereto as Exhibit D is a true and correct copy of Plaintiff's First Set of Requests for Production, with a certificate of service dated February 18, 2003.

6.    Attached hereto as Exhibit E is a true and correct copy of a letter I sent to plaintiff dated February 25, 2003.

7.    Attached hereto as Exhibit F is a true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for Production.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of October, 2004 in Washington, D.C.

Anessa Abrams

2

IRA MICHAEL SHEPARD
J. THOMAS ESSLINGER
PAUL HEYLMAN
RALPH H. JOHNSON
GARY L. LIEBER
EDWARD R. LEVIN
ROBERT L. ZISK
ROBERT L. DUSTON
LEON B. TARANTO
MARK I. GRUHIN
J. ANTHONY "TONY" SMITH
HENRY A. PLATT
LYNN K. McKAY
MICHAEL C. WHITE
ANESSA ABRAMS
DAVID E. WORTHEN
KATHERINE BREWER
ERIC L. YAFFE
TÉRESE M. CONNERTON

LOS ANGELES OFFICE
DANIEL P. BEN-ZVI
10880 WILSHIRE BLVD.
SUITE 2070
LOS ANGELES, CA 90024
(310) 234-5688

# SCHMELTZER, APTAKER & SHEPARD, P.C.

COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.sasbc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

January 23, 2003

STEVEN A. BROWNE*
CARLOS MATEO PAZ-SOLDAN
LINDA G. HILL
ANNEMARIE BRENNAN RICE
ROLAND B. NINOMIYA
STEPHEN J. VAUGHAN
GREGORY ZINI*
CHRISTOPHER M. LOVELAND
MICHAEL C. GRIFFIN
REBECCA A. HIRSELJ
NADA M. MOEINY
SCOTT T. MADSEN
CHRISTOPHER J. WALLACE
TIMOTHY H. GOODMAN
KAREN M. WHEELER
TONY S. LEE
TRISTAN B.L. SIEGEL
AMANDA K. GRACE*
EMILY K. HARGROVE*

COUNSEL
EDWARD SCHMELTZER
EDWARD APTAKER
STEPHEN HORN
JOHN A. McGUINN
DENISE BONN
MARTIN J. GAYNES
LARRY H. MITCHELL
JEFFREY L. KARLIN
JACK BUECHNER
*NOT ADMITTED IN D.C.

**BY FAX (203/254-8332)**
**ORIGINAL BY FIRST CLASS MAIL**

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612-2106

  Re: *Raymond P. Baldyga, Jr. v. Sikorsky Aircraft Corporation,*
    Civil Action No. 3:02 CV 1141 (GLG) (D. Conn.)

Dear Mr. Baldyga:

  I am in receipt of Plaintiff's Rule 26(a)(1) Disclosure (As Amended), Plaintiff's Responses to First Set of Interrogatories, and Plaintiff's response to Defendant's First Set of Requests for Production in the above-referenced action. Upon examination, it is clear that your initial disclosures do not address all the issues raised in my letter dated December 11, 2002, and that your responses to defendant's interrogatories and requests for production are incomplete and do not comply with the Federal Rules of Civil Procedure. Consequently, I am providing the following comments to serve as the basis of our discussions, in accordance with Local Civil Rule 9.

## Initial Disclosures

  I wrote to you regarding plaintiff's initial disclosures on December 11, 2002. In that letter I noted that the last item listed under part B of your disclosures stated "Any other documents that the Plaintiff might regard as relevant but not listed here," and explained that if there were other documents within your possession, custody or

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 2

control that are covered by Rule 26, you must list them. Rather than do so, you have continued to state "Any other documents that the Plaintiff might regard as relevant but not listed here." This is insufficient. If other such documents exist, you must disclose them.

**Plaintiff's Responses to Interrogatories**

As an initial matter, you did not sign your interrogatory responses as required by Federal Rule of Civil Procedure 33, which requires the responses to be signed *under oath*. Accordingly, please sign the interrogatory responses under oath, as required by the Federal Rules, and return the signature page to me.

Your response to interrogatory number 3 is inadequate. You have not provided addresses or phone numbers for the individuals and/or entities you contacted regarding employment. While some of the individuals listed in your response are listed as Sikorsky Aircraft personnel, others are not. Accordingly, you must provide addresses and telephone numbers. In addition, you have failed to provide the date(s) on which you contacted these individuals and/or entities, as requested by the interrogatory. Moreover, your response does not indicate whether you were offered any interviews, whether you went on any interviews, or whether you received any offers of employment. Such information was requested in the interrogatory. Accordingly, you must supplement your response to this interrogatory.

Your response to interrogatory number 4 indicates that you worked at UPS as a Package Car Driver for approximately one month, but does not indicate when you held this job. Please provide us with a date or general time period for this position.

Interrogatory number 5 requested that you identify all individuals with knowledge of the allegations raised in your complaint and provide, among other things, the substance of the information known. While you have responded to this interrogatory, your response differs from the information set forth in plaintiff's Rule 26(a)(1) disclosure. Please supplement your response to interrogatory number 5, to the extent necessary, to fully respond to the interrogatory by identifying all persons with knowledge of the allegations in your complaint and provide the substance of the information known.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 3

Interrogatory number 6 asked that you describe the damages you seek in this action, including the nature and amount of damages for each cause of action, the legal and factual basis for each item of damages, and the basis and method for computation for each item of damages. Your response to interrogatory number 6 states that you seek "in excess of $400,000.00 in lost and future potential earnings and damages" although you have failed to provide the basis and method of computation for this amount of damages. Please supplement your response to demonstrate the manner in which you compute the amount of damages you seek, as requested by the interrogatory.

Interrogatory number 8 requested that you identify all communications between you and agents and employees of Sikorsky Aircraft and/or former agents and employees of Sikorsky Aircraft concerning the allegations raised in your complaint. From your response, it appears you may have misunderstood the interrogatory. The interrogatory seeks all communications concerning the allegations raised in your complaint which have occurred both before and after this lawsuit was filed. Moreover, the interrogatory seeks all communications regarding the underlying factual allegations of your complaint. Accordingly, please supplement your response to provide all communications concerning the allegations in your complaint. Further, the response that you did provide does not comply with the definition of "identify" as it pertains to communications. As set forth in the interrogatories, when identifying communications, you are requested to provide (a) the date and place of occurrence of the communication; (b) the substance of the communication; and (c) the identity of each person to whom such communication was made, the person(s) who made the communication, and each person who was present when such communication was made. You have not provided any of this information.

Interrogatory number 9 requested that you identify all communications between you and agents or employees of the Union and/or former agents and employees of the Union concerning the allegations in your complaint. While you have responded to this request, your response is insufficient. The term "identify" as it pertains to communications was defined in the interrogatories to require (a) the date and place of occurrence of the communication; (b) the substance of the communication; and (c) the identity of each person to whom such communication was made, the person(s) who made the communication, and each person who was present when such communication was made. You have failed to provide any of this

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 4

information. Indeed, you do not even identify the "past and present executives of Teamsters Local 1150" with whom you have worked on this matter. Accordingly, please supplement your response to this interrogatory.

Interrogatory number 13 asked you to state all facts upon which you base your contention that "the defendant has a practice and pattern of manipulating occupational groups to eliminate older workers." In response, you stated "Refer to answer #12." Answer number 12 states "Law Offices of Leon Rosenblat." We presume this was an inadvertent error and that you did not mean to refer back to answer number 12 in response to this interrogatory. Please supplement this answer accordingly.

Interrogatory number 15 requested that you identify all legal proceedings in which you have been involved as a party in interest or witness, including the name or title of the proceeding; the nature of the proceeding; the forum, court, agency or authority before which the proceeding occurred; the parties to the proceeding; and the final outcome, result or adjudication. Your response to this interrogatory is incomplete. You have failed to provide, among other things, the names of the parties to the proceeding, the court before which the proceeding occurred, and a case number for the proceeding. In addition, although you indicate that you were awarded "some additional funds" for property that was taken, you fail to indicate when this matter was resolved and the additional funds which were awarded. Please supplement your response.

Finally, you have completely failed to answer interrogatory 17. If you did not answer this interrogatory because you produced the documents with your responses to the document requests, please so state.

## Plaintiff's Responses to Request for Production of Documents

As an initial matter, your responses to Defendant's First Set of Requests for Production are not signed. Accordingly, please forward a signed copy of your responses. In addition, I note that a number of the pages which you sent to us are blank. Please advise us in writing whether your production of the blank pages was inadvertent or whether there are other pages which you intended to produce but have not done so.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 5


In response to request for production number 1 – which sought all documents concerning your employment with Sikorsky Aircraft – you wrote, among other things, "attaboys." Were these "attaboys" produced and, if so, please inform us which documents are "attaboys."

Request for production number 4 sought all documents concerning any alleged incidents of age discrimination or other incidents of a similar nature. In response, you stated "nothing similar." However, you have not indicated that you produced documents concerning alleged incidents of age discrimination or that you do not have any documents which would be covered by this request. If you have documents concerning alleged incidents of age discrimination, you must produce them. Otherwise, state that you do not have any such documents.

Request for production numbers 6 and 7 sought any document reflecting any statement concerning this action or its subject matter made by defendant and plaintiff, respectively. In response, you stated "no other statements made." Please confirm whether you have produced all documents which would be responsive to request for production numbers 6 and 7. If you do not have any responsive documents, please so state. Similarly, request for production number 8 sought all documents concerning any communications between you and defendant concerning your employment with defendant, this lawsuit or the factual circumstances surrounding this lawsuit. In response, you stated "no other communications." Please confirm whether you have produced all documents which would be responsive to this request. If you do not have any responsive documents, please so state.

Request for production number 9 sought all documents concerning statements by or communications with any persons with knowledge of the facts alleged in plaintiff's complaint or plaintiff's charge filed with the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission. In response, you wrote "copy of CHO papers." The request sought documents concerning statements by or communications with any persons with knowledge – it did not request copies of documents to or from the CHRO. If you have any documents concerning statements by or communications with persons with knowledge, you must produce them. If you do not have any such documents, please so state.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 6


Request for production number 11 sought all correspondence, reports and other documents to or from any person, organization or association, not a party to this action, concerning the alleged acts of discrimination by the defendant or the allegations in plaintiff's complaint. In response, you wrote "no reports to anyone other than Defendant and my union." It is unclear whether you produced these "reports." If you did not, you must do so. Accordingly, please supplement your response. If you do not have any documents, please so state.

Request number 17 sought all documents concerning any claim for unemployment benefits or compensation you filed from March 1, 2001 to the present, including but not limited to, all filings with the Connecticut Department of Labor or any other agency, and records of payments. In response, you stated "No unemployment was rec'd." Even if you did not receive unemployment, you must nevertheless produce all documents concerning any claim for unemployment which you filed, including but not limited to your application for unemployment and any determinations issued by the unemployment commission. Please confirm whether all such documents have been produced. If they have not, you must supplement your response. If you do not have responsive documents, please so state.

Request for production number 18 sought all federal, state and local income tax forms filed by you since January 1, 1999, including W-2 forms, and any schedules or other documents appended to said forms. While you produced federal tax returns for the years 1999-2001, you completely failed to produce any state or local tax returns. Please produce these returns immediately. In addition, the federal tax returns which you did produce appear to be incomplete. You did not produce any W-2s for 1999 and you did not provide the lists which accompany Form 8283 for the year 1999. Similarly, for the year 2000, you did not provide any of the attached lists for Form 8283. For 2001, you did not produce Form 2106, and you did not provide any of the attached lists for Form 8283. Accordingly, please supplement your response to provide *complete* copies (including all forms, schedules and attachments) of your federal tax returns.

Request for production number 22 sought all documents concerning your employment by any employer (other than defendant) or self-employment from May 1, 2001 to the present, including but not limited to, among other things, documents concerning your job title, job status, rate of pay, description of job held or work

### SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 7

performed, pay stubs, and benefit statements. Your response stated "copy of W-2 attached to tax returns." While you did produce W-2s for the year 2001, you did not produce any other responsive documents. If you have other documents responsive to this request – for example, pay stubs, job descriptions, job title and status, or benefits offered – you must produce those documents. If you do not have responsive documents, please so state.

Request for production number 23 sought all documents that support any claim for loss of wages, salary, benefits, back pay or any other losses, including documents indicating how such losses were calculated. In response, you stated: "lost – 26.3% in wages since Nov. 2002" "employer ESS system" "unable to print call Phil Kenney Sikorsky." The request did not call for a narrative response; rather, it sought any documents regarding any claim for lost wages, including how such losses were calculated. If you have documents responsive to this request, you must produce them. If you do not have any such documents, please so state.

Similarly, request number 24 sought all documents that support any claim for compensatory damages, including documents indicating how such damages were calculated. In response, you stated: "26.3% more salary and benefits including lost overtime and reimbursement of insurance costs" "lost savings plan match and addt'l pension time." Again, this request did not call for a narrative response, but sought any documents you have concerning your claim for compensatory damages, including how such damages were calculated. If you have documents responsive to this request, you must produce them. If you do not have any such documents, please so state. Similarly, request number 25 sought all documents concerning any claim for punitive damages, including documents regarding how such damages were calculated. In response, you stated: "whatever the jury or court determines in excess of $15,000." Again, if you have responsive documents, you must produce them. If you do not have responsive documents, please so state.

Request number 31 sought all documents provided by plaintiff to or received from the Union concerning this action or its subject matter or any grievance plaintiff ever filed or considered filing against the Company. Your response stated "grievance copies." However, contrary to your response, you did not produce any copies of any grievances. If you have responsive documents, you must supplement your response. If you do not have responsive documents, please so state.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 8

Request number 33 sought all documents concerning any criminal charges ever filed against plaintiff, regardless of whether or not such charges resulted in an arrest or conviction. In response you stated "no arrests." The request, however, sought documents concerning all criminal charges regardless of whether it resulted in an arrest. You have, therefore, failed to adequately respond to the request. If you have responsive documents, you must produce them. If you do not have responsive documents, please so state.

Request for production number 36 sought all documents concerning your allegation that "[i]t is the defendant's practice to try to conduct layoffs in a manner that eliminates older workers and replaces them with younger workers." In response, you stated "answered in my interrogatories." This request is seeking all documents – not a narrative response which you may have provided in your interrogatories. Accordingly, if you have documents responsive to this request, you must produce them. If you do not have responsive documents, please so state.

Request for production number 38 sought all documents concerning your allegation that "the defendant manipulated the process by laying off the plaintiff, and other older inspectors, and having younger inspectors from other occupational groups do the work that should have been done by the plaintiff." Request for production number 39 sought all documents concerning your allegation that "the defendant has a practice and pattern of manipulating occupational groups to eliminate older employees." In response to both requests, you stated "Defendant placed myself & Mr. Lucas in a new occupation group to lay us off." These requests did not seek a narrative response; rather, they sought all documents which concern your allegations. If you have documents responsive to these requests, you must produce them. If you do not have any responsive documents, please so state.

Request for production number 40 sought all documents concerning any complaints of alleged discrimination that you made to any current or former employee or agent of Sikorsky Aircraft. In response, you stated "Never had a chance to complaint prior to layoff." The request seeks complaints of alleged discrimination which you made to the defendant without a limitation as to the time period of the complaint. Accordingly, if you have documents responsive to this request – whether before or after your layoff – you must produce them. If you do not have responsive documents, please so state.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 9

Request number 41 sought all documents relating to or concerning any legal proceedings, claims or charges in which you have been involved as a party in interest or witness. In response, you stated "rec'd addition funds in an Emminet Domain Case City of Bridgeport copy of check." We presume that the check in the amount of $50,046.67 which you produced is the check to which your response refers. Nevertheless, if you have additional documents regarding the eminent domain matter, you must produce them, as they would be responsive to this request. If you do not have other responsive documents, please so state.

Request number 42 sought all documents concerning the arbitration in 2002 between the Company and the Union regarding your layoff in May 2001. In response, you stated "copy of brief of the union." However, you did not produce this document. If you have responsive documents, you must produce them. Otherwise, please state that you have no responsive documents.

### Defendant's Second Set of Requests for Production

On December 11, 2002, defendant served its Second Set of Requests for Production. To date, we have not received your responses to these requests. Please provide your response.

By writing this letter, we are attempting to resolve this matter without the intervention of the Court. Please be advised, however, that your failure to supplement the responses and produce responsive documents by the close of business January 30, 2003 will leave defendant no choice but to pursue this matter before the Court. You were granted a thirty (30) day extension of time to respond to defendant's interrogatories and first set of requests for production of documents and the discovery deadline is currently scheduled for March 1, 2003. Accordingly, it is

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
January 23, 2003
Page 10


imperative that we receive supplemental responses forthwith and receive your responses to defendant's second set of requests for production.  We sincerely hope that resort to the Court will not be necessary.

Thank you for your prompt attention to this matter.

Very truly yours,

Anessa Abrams

AE7839

IRA MICHAEL SHEPARD
J. THOMAS ESSLINGER
PAUL HEYLMAN
RALPH H. JOHNSON
GARY L. LIEBER
EDWARD R. LEVIN
ROBERT L. ZISK
ROBERT L. DUSTON
LEON B. TARANTO
MARK I. GRUHIN
J. ANTHONY "TONY" SMITH
HENRY A. PLATT
LYNN K. MCKAY
MICHAEL C. WHITE
ANESSA ABRAMS
DAVID E. WORTHEN
KATHERINE BREWER
ERIC L. YAFFE
TÉRESE M. CONNERTON

LOS ANGELES OFFICE
DANIEL P. BEN-ZVI
10880 WILSHIRE BLVD.
SUITE 2070
LOS ANGELES, CA 90024
(310) 234-5688

## SCHMELTZER, APTAKER & SHEPARD, P.C.
### COUNSELORS AT LAW
### THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.saspc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

February 24, 2003

STEVEN A. BROWNE*
CARLOS MATEO PAZ-SOLDAN
LINDA G. HILL
ANNEMARIE BRENNAN RICE
ROLAND B. NINOMIYA
STEPHEN J. VAUGHAN
GREGORY ZINN*
CHRISTOPHER M. LOVELAND
MICHAEL C. GRIFFIN
REBECCA A. HIRSELJ
NADA M. MOEINY
SCOTT T. MADSEN
CHRISTOPHER J. WALLACE
TIMOTHY H. GOODMAN
KAREN M. WHEELER
TONY S. LEE
TRISTAN B.L. SIEGEL
AMANDA K. GRACE*
EMILY K. HARGROVE*

COUNSEL
EDWARD SCHMELTZER
EDWARD APTAKER
STEPHEN HORN
JOHN A. McGUINN
DENISE BONN
MARTIN J. GAYNES
LARRY H. MITCHELL
JEFFREY L. KARLIN
JACK BUECHNER
*NOT ADMITTED IN D.C.

BY FAX (203/254-8332)
ORIGINAL BY FIRST CLASS MAIL

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612-2106

      Re:    *Raymond P. Baldyga, Jr. v. Sikorsky Aircraft Corporation,*
             Civil Action No. 3:02 CV 1141 (GLG) (D. Conn.)

Dear Mr. Baldyga:

      On January 23, 2003, I wrote to you regarding your Rule 26(a)(1) Disclosure (As Amended), Plaintiff's Responses to First Set of Interrogatories, your response to Defendant's First Set of Requests for Production, and your failure to respond to Defendant's Second Set of Requests for Production in the above-referenced action. A copy of my January 23 letter is enclosed for your convenience. In that letter, I requested that you supplement your discovery responses, and respond to Defendant's Second Set of Requests for Production by the close of business January 30, 2003. I also informed you that you failed to sign your interrogatory responses under oath and requested that you do so and forward a signature page to me.

      During your deposition on February 6, 2003, we discussed, among other things, some of the issues raised in my January 23 letter, and you indicated that you would look for additional responsive information. We also discussed Defendant's Second Set of Requests for Production and you indicated that you did not have any documents responsive to those requests. During your deposition, I informed you that

## SCHMELTZER, APTAKER & SHEPARD, P.C.

Raymond P. Baldyga, Jr.
February 24, 2003
Page 2


if you have responsive information or documents, you are required to produce that information, and I further informed you that you have a duty under the Federal Rules of Civil Procedure to supplement your discovery responses. We also discussed, among other things, that if you have documents on your computer which are responsive to defendant's discovery requests, you have to produce those documents. You indicated during your deposition that you would supplement your discovery responses, if necessary, respond to my January 23 letter and respond to Defendant's Second Set of Requests for Production within one week of your deposition, by February 12, 2003.

On February 21, we received your response to Defendant's Second Set of Requests for Production and some supplemental documents. To date, however, we have not received a written response to my January 23 letter, a signature page under oath for your interrogatory responses, or any supplemental response to defendant's discovery requests beyond the documents we received on February 21. Accordingly, this letter will confirm that you have no other documents in your possession, custody or control which are responsive to defendant's requests for production of documents, and you have no further information with which to supplement your interrogatory responses. Please be advised that if any information and/or documents are provided later during the pendency of this action, defendant may move to have such information and/or documents stricken and/or excluded from this action.

Sincerely,

Anessa Abrams

Enclosure

IRA MICHAEL SHEPARD
J. THOMAS ESSLINGER
PAUL HEYLMAN
RALPH H. JOHNSON
GARY L. LIEBER
EDWARD R. LEVIN
ROBERT L. ZISK
ROBERT L. DUSTON
LEON B. TARANTO
MARK I. GRUHIN
J. ANTHONY "TONY" SMITH
HENRY A. PLATT
LYNN K. McKAY
MICHAEL C. WHITE
ANESSA ABRAMS
DAVID E. WORTHEN
KATHERINE BREWER
ERIC L. YAFFE
TÉRESE M. CONNERTON

LOS ANGELES OFFICE
DANIEL P. BEN-ZVI
10880 WILSHIRE BLVD.
SUITE 2070
LOS ANGELES, CA 90024
(310) 234-5688

# SCHMELTZER, APTAKER & SHEPARD, P.C.

COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.saspc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

November 21, 2002

STEVEN A. BROWNE*
CARLOS MATEO PAZ-SOLDAN
LINDA G. HILL
ANNEMARIE BRENNAN RICE
ROLAND B. NINOMIYA
STEPHEN J. VAUGHAN
CHRISTOPHER M. LOVELAND
MICHAEL C. GRIFFIN
REBECCA A. HIRSELJ
NADA M. MOEINY
SCOTT T. MADSEN
CHRISTOPHER J. WALLACE
TIMOTHY H. GOODMAN
KAREN M. WHEELER
TONY S. LEE
TRISTAN BL. SIEGEL
BLEU K. LAWLESS*

COUNSEL
EDWARD SCHMELTZER
EDWARD APTAKER
STEPHEN HORN
JOHN A. McGUINN
DENISE BONN
MARTIN J. GAYNES
LARRY H. MITCHELL
JEFFREY L. KARLIN
JACK BUECHNER
*NOT ADMITTED IN D.C.

**BY FAX (203/254-8332)**
**ORIGINAL BY FIRST CLASS MAIL**

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612-2106

     Re:   *Raymond P. Baldyga, Jr. v. Sikorsky Aircraft Corporation,*
          Civil Action No. 3:02 CV 1141 (GLG) (D. Conn.)

Dear Mr. Baldyga:

     I write in response to your voice mail message of November 19 regarding the above-referenced action, wherein you inquired as to when you will "receive the items that were so ordered to be sent to [you] by Judge Goettel." Your message listed the items you were seeking, which are the same items you listed in your amendments to the Rule 26(f) – Defendant's Report of Planning Meeting as areas upon which the plaintiff will need discovery. You further stated that you would proceed with supplying us with the information the Company requested when you knew when you would receive the information you desired.

     Contrary to your message, Judge Goettel did not Order the Company to provide you with any information or documentation. The areas upon which the parties anticipate the need for discovery, as set forth in the planning meeting report, is informational only. It is not a discovery request. If you desire discovery from the Company, you must follow the rules and procedures set forth in the Local Rules for the United States District Court for the District of Connecticut and the Federal Rules

**SCHMELTZER, APTAKER & SHEPARD, P.C.**

Raymond P. Baldyga, Jr.
November 21, 2002
Page 2


of Civil Procedure. Thus, the Company will not be providing you with any information at this time. As you are proceeding *pro se* in this action, I suggest that you become familiar with the Local Rules for the United States District Court for the District of Connecticut and the Federal Rules of Civil Procedure.

On November 13, 2002, I served upon you Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production, which you indicated in your voice mail message you had received. Contrary to the implications in your message, Rules 33 and 34 of the Federal Rules of Civil Procedure require that you respond to the Company's requests within thirty (30) days of service of the requests, as set forth on the first page of each of the requests. You are obligated to respond to those requests in the manner and within the time period set forth in the Rules. Your failure to comply with your discovery obligations may result in the Company seeking appropriate relief, including sanctions, from the Court.

On a related matter, I wrote to you on November 8, 2002 because we had not received your damages analysis – which was due on October 15, 2002. I requested that you provide your damages analysis immediately. To date, we still have not received it. In addition, we have not received plaintiff's Rule 26(a)(1) initial disclosures. On October 16, 2002, I wrote to you proposing a deadline of November 11, 2002 for the parties to exchange initial disclosures and asked you to let me know if that date was acceptable. You never responded regarding that proposed deadline. The Company served its initial disclosures on November 8, 2002. If we do not receive plaintiff's damages analysis and initial disclosures by December 5, 2002 we will have no choice but to bring this matter to the Court's attention.

Sincerely,

Anessa Abrams

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RAYMOND P. BALDYGA JR.          :
    plaintiff          :
            :          **CIVIL ACTION No.**
    **V.**          :          **3:02 CV  1141 (GLG)**
**SIKORSKY AIRCRAFT**          :
    **CORPORATION**          :
    defendant          :          **February 18, 2003**
            :

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1. Litigation/settlement documents related to Robin B. DiTarando, a former Sikorsky Source Inspection manager and his termination

2. Litigation/settlement documents related to any other Quality Assurance/ Product Integrity employees no longer working in those departments or at any Division of UTC

3. Lists of ages, names, and wages of all Group 49,50,51,54,56 and 62 employees at the time of the May 2001 layoff

4. Qualifications (Resumes) ages, wages and positions held of all those re-called and new hires after the May 2001 layoff

5. Transcripts of Meetings. All documents, calendars, recordings, minutes of meeting, emails, and correspondences related to May 2001 layoff between the Union, Human Resources, Quality Assurance, Product Integrity and Compliance for the time period; year prior to the actual Layoff in May 2001.

6. All of my E-mails, 1 year prior to my termination May 4, 2001

7. Any documents, testimony, transcripts or recordings related to Raymond P. Baldyga Jr. by the Individuals listed as likely to have discoverable information.

8. Information with regard to circumstance of (retirements) of Quality Assurance Personnel namely: George Gaus, John Craft, Daniel Brewster, William Lucas, Robin B. DiTarando, Gerald Gallant, James Fries, Andy Emelio, Gerald Soltisiak, Daniel Kwoka and all others retiring before 65 years of age from Quality Assurance/Product Integrity since 1985.

## CERTIFICATE OF SERVICE

I, Raymond P. Baldyga Jr., hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served by first class United States mail, postage prepaid, on this 18th day of February, 2003, addressed to the following:

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

Anessa Abrams (ct16594)
email: aa@saslaw.com
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800
(202) 625-3301 (fax)

_____
Raymond P. Baldyga Jr.

## SCHMELTZER, APTAKER & SHEPARD, P.C.

COUNSELORS AT LAW

THE WATERGATE

2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000

WASHINGTON, D.C. 20037-1922

WEB SITE http://www.saspc.com

E-MAIL sas@saslaw.com

FAX (202) 337-6065

(202) 333-8800

February 25, 2003

IRA MICHAEL SHEPARD
J. THOMAS ESSLINGER
PAUL HEYLMAN
RALPH H. JOHNSON
GARY L. LIEBER
EDWARD R. LEVIN
ROBERT L. ZISK
ROBERT L. DUSTON
LEON B. TARANTO
MARK I. GRUHIN
J. ANTHONY "TONY" SMITH
HENRY A. PLATT
LYNN K. McKAY
MICHAEL C. WHITE
ANESSA ABRAMS
DAVID E. WORTHEN
KATHERINE BREWER
ERIC L. YAFFE
TÉRESE M. CONNERTON

LOS ANGELES OFFICE
DANIEL P. BEN-ZVI
10880 WILSHIRE BLVD.
SUITE 2070
LOS ANGELES, CA 90024
(310) 234-5688

STEVEN A. BROWNE*
CARLOS MATEO PAZ-SOLDAN
LINDA G. HILL
ANNEMARIE BRENNAN RICE
ROLAND B. NINOMIYA
STEPHEN J. VAUGHAN
GREGORY ZINI*
CHRISTOPHER M. LOVELAND
MICHAEL C. GRIFFIN
REBECCA A. HIRSELJ
NADA M. MOEINY
SCOTT T. MADSEN
CHRISTOPHER J. WALLACE
TIMOTHY H. GOODMAN
KAREN M. WHEELER
TONY S. LEE
TRISTAN B.L. SIEGEL
AMANDA K. GRACE*
EMILY K. HARGROVE*

COUNSEL
EDWARD SCHMELTZER
EDWARD APTAKER
STEPHEN HORN
JOHN A. McGUINN
DENISE BONN
MARTIN J. GAYNES
LARRY H. MITCHELL
JEFFREY L. KARLIN
JACK BUECHNER
*NOT ADMITTED IN D.C.

**BY FAX (203/254-8332)**
**ORIGINAL BY FIRST CLASS MAIL**

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612-2106

    Re:   *Raymond P. Baldyga, Jr. v. Sikorsky Aircraft Corporation,*
         Civil Action No. 3:02 CV 1141 (GLG) (D. Conn.)

Dear Mr. Baldyga:

    We are in receipt of Plaintiff's First Set of Requests for Production, served by mail on February 18, 2003, in the above-referenced action. Please be advised that the Company will not be responding to Plaintiff's First Set of Requests for Production. On September 26, 2002, the Court "So Ordered" the Rule 26(f) – Defendant's Report of Planning Meeting, with certain additions and ruling not relevant herein. Pursuant to that Order, fact discovery must be completed – *not propounded* – by March 1, 2003. Your request for production is untimely, as it does not provide the Company with the thirty (30) days required by the Federal Rules of Civil Procedure within which to respond before the close of discovery in this case.

              Sincerely,

Anessa Abrams

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND P. BALDYGA, JR.,          :
                                  :
            Plaintiff,            :      Civil Action No.
                                  :      3:02 CV 1141 (JCH)
    v.                            :
                                  :
SIKORSKY AIRCRAFT                 :      October 13, 2004
CORPORATION,                      :
                                  :
            Defendant.            :

## DECLARATION OF ANESSA ABRAMS, ESQ. IN SUPPORT OF DEFENDANT'S STATUS REPORT REGARDING DISCOVERY

I, Anessa Abrams, hereby declare as follows:

1.      I am an attorney representing Sikorsky Aircraft Corporation, defendant in the above-captioned action.  I am making this declaration based upon personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of a letter I sent to plaintiff dated January 23, 2003.

3.      Attached hereto as Exhibit B is a true and correct copy of a letter I sent to plaintiff dated February 24, 2003.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter I sent to plaintiff dated November 21, 2002.

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiff's First Set of Requests for Production, with a certificate of service dated February 18, 2003.

6.    Attached hereto as Exhibit E is a true and correct copy of a letter I sent to plaintiff dated February 25, 2003.

7.    Attached hereto as Exhibit F is a true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for Production.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of October, 2004 in Washington, D.C.


_____
Anessa Abrams

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DECLARATION OF ANESSA ABRAMS,**

**ESQ. IN SUPPORT OF DEFENDANT'S STATUS REPORT REGARDING DISCOVERY**

was served by United States Mail, first-class postage prepaid, on this 12th day of October, 2004,

addressed to the following:

> Raymond P. Baldyga, Jr.
> 134 Delaware Road
> Easton, CT 06612
>
> *Pro se* plaintiff

B85582

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DECLARATION OF ANESSA ABRAMS, ESQ. IN SUPPORT OF DEFENDANT'S STATUS REPORT REGARDING DISCOVERY** was served by United States Mail, first-class postage prepaid, on this 12th day of October, 2004, addressed to the following:

        Raymond P. Baldyga, Jr.
        134 Delaware Road
        Easton, CT 06612

        *Pro se* plaintiff

B85582

3