# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND P. BALDYGA, JR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 3:02 CV 1141 (JCH) |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT | : | October 19, 2004 |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## EXHIBIT F TO THE DECLARATION OF ANESSA ABRAMS, ESQ. IN SUPPORT OF DEFENDANT'S STATUS REPORT REGARDING DISCOVERY

Attached hereto is a true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for Production, which should have been attached as Exhibit F to the Declaration of Anessa Abrams, Esq. in Support of Defendant's Status Report Regarding Discovery, filed October 13, 2004.

Respectfully submitted,

Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W., Suite 1000
Washington, D.C.  20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **EXHIBIT F TO THE DECLARATION OF ANESSA ABRAMS, ESQ. IN SUPPORT OF DEFENDANT'S STATUS REPORT REGARDING DISCOVERY** was served by United States Mail, first-class postage prepaid, on this 18th day of October, 2004, addressed to the following:

> Raymond P. Baldyga, Jr.
> 134 Delaware Road
> Easton, CT 06612
>
> *Pro se* plaintiff

B87508

3

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND P. BALDYGA, JR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 3:02 CV 1141 (JCH) |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT | : | October 12, 2004 |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company"), by and through its attorneys, hereby responds, in accordance with Federal Rule of Civil Procedure 34, to plaintiff's first set of requests for production, subject to the following general objections and exceptions, which are hereby incorporated by reference into each and every response, as well as the specific objections set forth in response to each request. Sikorsky Aircraft will produce responsive documents within two weeks. In the event that documents are responsive to more than one request, only one copy of each responsive document will be provided. No inference should be read from the inclusion of a document or set of documents in response to one request and its omission from other requests.

### General Objections and Exceptions to all Requests

1.     These responses are made under a reservation of Sikorsky Aircraft's right to supplement or amend its responses in accordance with Federal Rule of Civil Procedure 26(e).

2.    All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to Sikorsky Aircraft. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility. The fact that Sikorsky Aircraft has answered all or part of any request or responded affirmatively with regard to a request for production of documents is not intended and should not be construed to be a waiver by Sikorsky Aircraft of all or part of any objection to any request for production propounded by the plaintiff.

3.    Sikorsky Aircraft objects to the production of any documents or information deemed confidential and non-disclosable under Conn. Gen. Stat. § 31-128f.

4.    Sikorsky Aircraft objects to the production of any documents covered by the attorney-client privilege and/or work product doctrine and/or other trial preparation materials and/or any other applicable privilege and, accordingly, Sikorsky Aircraft will not supply any documents or information protected by such privileges, including, but not limited to, correspondence between Sikorsky Aircraft and its attorneys, and notes prepared in anticipation of litigation and/or preparation for trial, including proceedings before the Connecticut Commission on Human Rights and Opportunities and the arbitration of plaintiff's grievance. Nothing contained in these responses is intended to, or in any way shall, be deemed a waiver of any such applicable privilege or doctrine.

### Requests for Production

1.    Litigation/settlement documents related to Robin B. DiTarando, a former Sikorsky Source Inspection manager and his termination.

2

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Sikorsky Aircraft further objects to this request on the grounds that it may seek information protected from disclosure by the attorney-client privilege and/or work product doctrine. Sikorsky Aircraft further objects to this request on the grounds that it may seek confidential information, and information the disclosure of which may violate the privacy rights of a former employee.

2.    Litigation/settlement documents related to any other Quality Assurance/Product Integrity employees no longer working in those departments or at any Division of UTC.

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad, unduly burdensome, not limited to Sikorsky Aircraft, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in time. Sikorsky Aircraft further objects to this request on the grounds that it may seek information protected from disclosure by the attorney-client privilege and/or work product doctrine. Sikorsky Aircraft further objects to this request on the grounds that it may seek confidential information, and information the disclosure of which may violate the privacy rights of former employees.

3.    Lists of ages, names, and wages of all Group 49, 50, 51, 54, 56, and 62 employees at the time of the May 2001 layoff.

3

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Sikorsky Aircraft further objects on the grounds that the request seeks confidential information, the disclosure of which may violate the privacy rights of current and/or former employees. Subject to and without waiving the foregoing objections, Sikorsky Aircraft will produce responsive documents for occupational groups 50 and 54.

4.    Qualifications (Resumes) ages, wages and positions held of all those re-called and new hires after the May 2001 layoff.

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Sikorsky Aircraft further objects to this request on the grounds that it seeks confidential information, the disclosure of which may violate the privacy rights of current and/or former employees. Sikorsky Aircraft further objects to the production of documents regarding qualifications/resumes, as recall is governed by the collective bargaining agreement, and, accordingly, Sikorsky Aircraft will not produce such documents. Subject to and without waiving the foregoing objections, Sikorsky Aircraft will produce responsive documents for those employees who were laid off from occupational groups 50 and 54 in the May 2001 layoff and were subsequently recalled.

4

5.    Transcripts of Meetings. All documents, calendars, recordings, minutes of meeting, emails, and correspondences related to May 2001 layoff between the Union, Human Resources, Quality Assurance, Product Integrity and Compliance for the time period; year prior to the actual Layoff in May 2001.

**Response:** Sikorsky Aircraft will produce responsive documents subject to and conditioned upon the execution of a Stipulated Confidentiality Agreement and Protective Order.

6.    All of my E-mails, 1 year prior to my termination May 4, 2001.

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Sikorsky Aircraft states that it does not have responsive documents.

7.    Any documents, testimony, transcripts or recordings related to Raymond P. Baldyga, Jr. by the Individuals listed as likely to have discoverable information.

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad, unduly burdensome, not limited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Sikorsky Aircraft will produce responsive documents regarding the May 2001 layoff.

8.    Information with regard to circumstance of (retirements) of Quality Assurance
Personnel namely: George Gaus, John Craft, Daniel Brewster, William Lucas, Robin B.
DiTarando, Gerald Gallant, James Fries, Andy Emelio, Gerald Soltisiak, Daniel Kwoka and all
others retiring before 65 years of age from Quality Assurance/Product Integrity since 1985.

**Response:** Sikorsky Aircraft objects to this request on the grounds that it is overly broad,
unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible
evidence, and duplicative of other requests. Sikorsky Aircraft further objects to this request on
the grounds that it may seek information protected from disclosure by the attorney-client
privilege and/or work product doctrine. Sikorsky Aircraft further objects to this request on the
grounds that it may seek confidential information, and information the disclosure of which may
violate the privacy rights of former employees.

Respectfully submitted,

Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C.  20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served by United States Mail, first-class postage prepaid, on this 12th day of October, 2004, addressed to the following:

> Raymond P. Baldyga, Jr.
> 134 Delaware Road
> Easton, CT 06612
>
> *Pro se* plaintiff

B85586