UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND P. BALDYGA, JR., : | |
| : | |
| Plaintiff, : | Civil Action No. |
| : | 3:02 CV 1141 (JCH) |
| v. : | |
| : | |
| SIKORSKY AIRCRAFT : | December 17, 2004 |
| CORPORATION, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Pursuant to this Court's instructions during the telephone status conference held on December 13, 2004, defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company") hereby requests that the Court enter the Stipulated Confidentiality Agreement and Protective Order (hereinafter "Agreement") attached hereto as Exhibit A.

By letter dated October 15, 2004, a draft of this Agreement was sent to plaintiff for his review. Plaintiff did not contact defendant's counsel regarding this Agreement, and did not forward a signed copy of the Agreement to defendant's counsel. However, during the December 13 Status Conference, plaintiff stated that he has no objection to the Agreement. While the Agreement attached hereto as Exhibit A is not signed by the parties, based on plaintiff's representations during the Status Conference that he does not object to the Agreement, Sikorsky Aircraft requests that the Court enter the Agreement as an Order of the Court, thereby binding the parties to the terms of the Agreement.

Respectfully submitted,

*[signature]*

Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C. 20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND P. BALDYGA, JR., : | |
| : | |
| Plaintiff, : | Civil Action No. |
| : | 3:02 CV 1141 (JCH) |
| v. : | |
| : | |
| SIKORSKY AIRCRAFT : | October ____, 2004 |
| CORPORATION, : | |
| : | |
| Defendant. | |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties to the above-captioned action, Plaintiff Raymond P. Baldyga, Jr. and Defendant Sikorsky Aircraft Corporation hereby agree to and jointly move the Court to enter the following Stipulated Confidentiality Agreement and Protective Order:

The Court, recognizing that plaintiff seeks discovery of certain confidential and proprietary information from defendant, hereby orders that:

1. Defendant may disclose to plaintiff, to the extent needed to comply with its obligations under the Federal Rules of Civil Procedure, and pursuant to the terms of this Agreement, confidential and proprietary information. This information shall be deemed "confidential information."

2. Such confidential information obtained from defendant by plaintiff through discovery pursuant to this Agreement shall be held in confidence and revealed only to plaintiff (or, in the event plaintiff obtains counsel in this action, to plaintiff's counsel of record in this action, and paralegal and secretarial employees under counsel's direct supervision), the Court

before which this action is pending, and such persons as are employed to act as experts in this case. All documents and information covered by this Agreement, including all copies of such documents or information, must be maintained by plaintiff in a secure location in his residence or in the event plaintiff obtains counsel, in counsel's office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. Plaintiff and any counsel he may later retain shall take all steps reasonably necessary to see that no person shall use, disclose or record such information for any purpose other than the preparation or conduct of this case. Pursuant to this Agreement, and in accordance with Local Civil Rule 5(d)(2), if any confidential information will be filed with the Court, such confidential information must be filed under seal unless defendant waives the requirement that the information be filed under seal. The restrictions on the use of confidential information established pursuant to this Order do not apply to the party producing the information.

    3.    All confidential information disclosed pursuant to this Agreement shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purposes. Under no circumstances shall otherwise protected confidential information obtained through discovery be disclosed to anyone other than the persons designated above, and such persons shall not disclose such protected information to anyone during or after the termination of this litigation, except pursuant to legal process. In the event legal process, including but not limited to a subpoena, is served covering protected confidential information obtained by plaintiff through discovery, plaintiff shall give defendant's counsel prompt notice of such legal process in order to allow defendant to interpose an objection, seek a protective order, or seek other judicial relief prior to the return date.

4. Before any information covered by this Agreement is disseminated or disclosed to any of the above-designated persons, such person shall (a) read the Stipulated Confidentiality Agreement and Protective Order in its entirety; and (b) signify in writing with a copy to defendant's counsel that such person agrees to the provisions of this Agreement and consents to the jurisdiction of the Court for appropriate proceedings in the event of any violation of the confidentiality provisions of this Order. Violation by any person of any terms of this Stipulated Confidentiality Agreement and Protective Order is punishable as contempt of court, and will entitle defendant to appropriate relief, including but not limited to, injunctive relief, monetary damages, and all reasonable attorneys' fees, expenses and costs associated with enforcement of this Order.

5. If any confidential documents or information are disclosed to any person other than in the manner authorized by this Stipulated Confidentiality Agreement and Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure: conduct a diligent and prompt investigation of the circumstances of the disclosure, including the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by any such unauthorized person who receives confidential information, including, if necessary, obtaining such information and documents back from the unauthorized person; and promptly informing all other counsel of all facts pertinent to the disclosure.

6. Nothing in this Order shall be construed to waive or prejudice the right of defendant to object to the production or admission of any confidential information in this action, including at any hearing or trial. Similarly, nothing in this Order shall be construed to waive or prejudice the right of defendant to seek additional protection from the Court for any documents or information subject to this Order.

7.  Upon final termination of this litigation, each person subject to this Stipulated Confidentiality Agreement and Protective Order shall return all confidential information and any copies thereof within the party's control, or the control of those to whom the party has distributed any such documents, to counsel for defendant. This information must be returned within twenty (20) working days after the final disposition of this matter, and each person must certify in writing to counsel for the defendant that all documents and any copies thereof have been returned.

8.  Any disclosure of any portion of information protected by this Agreement shall not serve to waive any of the protections provided by this Agreement with respect to any other protected information.

9.  Nothing in this Agreement restricts defendant's right to object to the disclosure of information otherwise non-disclosable pursuant to Federal or State statute or regulation, or to seek a protective order preventing disclosure or limiting discovery of confidential information.

Dated: October ___, 2004                Dated: October ___, 2004

---

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612
Tel/Fax (203) 254-8332

*Pro se* plaintiff

Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C. 20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

                    Edward J. Dempsey (ct05183)
                    Labor Counsel
                    United Technologies Corporation
                    United Technologies Building
                    Hartford, CT 06101
                    (860) 728-7858
                    (860) 728-6551 (fax)

                    Attorneys for Defendant
                    Sikorsky Aircraft Corporation


Entered this _____ day of _____, 2004.


                    _____
                    Honorable Janet C. Hall
                    United States District Judge

B86000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT'S MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** was served by United States Mail, first-class postage prepaid, on this 16th day of December, 2004, addressed to the following:

>    Raymond P. Baldyga, Jr.
>    134 Delaware Road
>    Easton, CT 06612
>
>    *Pro se* plaintiff

BA9358

3