UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND P. BALDYGA, JR.,                 : | |
| : | |
| Plaintiff,              : | Civil Action No. |
| : | 3:02 CV 1141 (JCH) |
| v.                                       : | |
| : | |
| SIKORSKY AIRCRAFT                        : | February 15, 2005 |
| CORPORATION,                             : | |
| : | |
| Defendant.              : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company") hereby submits this reply memorandum in support of its motion for summary judgment, and in response to plaintiff's opposition filed on February 4, 2005. Plaintiff has ignored defendant's arguments and has failed to set forth any admissible evidence to defeat summary judgment. Indeed, plaintiff has completely failed to satisfy his summary judgment burden. Accordingly, summary judgment must be granted in favor of Sikorsky Aircraft.

**ARGUMENT**

**I.   ALL FACTS SET FORTH IN DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED MUST BE DEEMED ADMITTED**

Local Rule 56(a)2 requires a party opposing summary judgment to file a Rule 56(a)2 Statement which specifically admits or denies the statements contained in the moving party's Local Rule 56(a)1 Statement and which also contains a separate section setting forth disputed issues of material fact. Local Rule 56 further provides that "[a]ll material facts set forth in [the moving party's Local Rule 56(a)1 Statement] ***will be deemed admitted*** unless controverted by

the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2." Local Rule 56(a)1 (emphasis added).

At the time it filed its motion for summary judgment, Sikorsky Aircraft filed and served on plaintiff the "Notice to Pro Se Litigant Opposing Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(b)." The Notice stated, among other things, "[i]f you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice." The Notice further reminded plaintiff to review Local Rule 56 (which was attached to the Notice), as Local Rule 56 "provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3))." The Notice warned plaintiff that "[i]f you fail to follow these instructions, the defendant's motion may be granted."

Plaintiff failed to file a Local Rule 56(a)2 Statement despite being given notice of the consequences of failing to submit evidence in opposition to Sikorsky Aircraft's motion for summary judgment. The liberality afforded to *pro se* litigants does not excuse plaintiff's failure to meet his summary judgment burden. *Lawson v. Wollenhaupt*, 2004 U.S. Dist. LEXIS 3832, at *11 (D. Conn. Feb. 23, 2004) (copy attached) ("The application of this modified standard, however, 'does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment.'") (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Accordingly, all material facts set forth in Sikorsky Aircraft's Local Rule 56(a)1 Statement should be deemed admitted. *See* Local Rule 56(a)1; *see also Vines v. Callahan*, 2005 U.S. Dist. LEXIS 584, at *3 n.1 (D. Conn. Jan. 13, 2005) (Judge Hall) (copy attached) (deeming facts admitted where plaintiff did not provide a complete Local Rule 56(a)2 Statement admitting

or denying each paragraph of defendants' statement); *Walker v. Dickson*, 2004 U.S. Dist. LEXIS 19240, at *4 n.1 (D. Conn. Sept. 21, 2004) (copy attached) (deeming facts admitted where *pro se* plaintiff failed to file any opposition papers); *Lawson*, 2004 U.S. Dist. LEXIS 3832, at *4-5 (deeming admitted the facts set forth in defendant's statement where *pro se* plaintiff failed to file any pleadings in opposition to summary judgment).

## II. PLAINTIFF HAS NOT REFUTED DEFENDANT'S ARGUMENTS THAT HIS CFEPA CLAIM IS TIME-BARRED AND IS PRE-EMPTED BY SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT

In its opening memorandum, Sikorsky Aircraft argued that plaintiff's CFEPA claim was time-barred, as plaintiff did not file his complaint within ninety days of his receipt of the release of jurisdiction from the CHRO. Def. Mem. at 28-29. In addition, Sikorsky Aircraft argued that plaintiff's CFEPA claim was pre-empted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as plaintiff's CFEPA claim is substantially dependent upon an interpretation of the collective bargaining agreement governing plaintiff's employment with Sikorsky Aircraft. Def. Mem. at 29-34.

Plaintiff has completely ignored these arguments and failed to respond in any way. Accordingly, summary judgment must be granted.

## III. PLAINTIFF HAS NO EVIDENCE THAT HE WAS LAID OFF BECAUSE OF HIS AGE, AND SUMMARY JUDGMENT MUST THEREFORE BE GRANTED ON PLANITIFF'S AGE DISCRIMINATION CLAIMS

Sikorsky Aircraft argued that plaintiff could not establish a *prima facie* case of age discrimination under the ADEA or CFEPA, as he could not demonstrate that his layoff occurred under circumstances giving rise to an inference of age discrimination. Def. Mem. at 16-19. Sikorsky Aircraft further argued that it satisfied its *McDonnell Douglas* burden by articulating a legitimate non-discriminatory reason for plaintiff's layoff. Def. Mem. at 20-22.

Plaintiff has completely ignored these arguments and has failed to dispute any of the specific facts upon which Sikorsky Aircraft relies in support of these arguments. Summary judgment must be granted.

Moreover, Sikorsky Aircraft argued that plaintiff could not satisfy his burden of proving that Sikorsky Aircraft's reason for his layoff was a pretext for age discrimination. Def. Mem. at 22-27. Again, plaintiff has failed to refute Sikorsky Aircraft's arguments and has not disputed any of the specific facts upon which Sikorsky Aircraft relies.

Instead, in his opposition, plaintiff merely asserts that there are "facts in dispute" and he states in conclusory fashion that Elaine Grant and Francis Ghent, who were younger than him, "were hired at a lower rate of pay to perform [his] work, and to take [his] place." This is not sufficient to defeat summary judgment. Plaintiff's "opposition" is nothing more than conclusory allegations and speculation. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation") (citation omitted); *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 224 (2d Cir. 2000) ("Conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.") (citation omitted). Plaintiff has not cited to any specific facts or evidence – let alone admissible evidence – to support the contention in his "opposition."

The above notwithstanding, Elaine Grant was not a new hire. She was employed in Department 1530, occupational group 50 at the time of the May 2001 layoff, Garbien Decl. Exh. E (at p.2), and posted for the position about which plaintiff complains. Baldyga Dep. at 103-04.[1] The position occupied by Grant and Ghent about which plaintiff complains was an occupational

---

[1] The deposition pages cited in this Reply are attached as Exhibit A to the Supplemental Declaration of Anessa Abrams, Esquire ("Abrams Supp. Decl."), submitted herewith.

4

group 50 position. *See* Baldyga Dep. at 18, 21-23, 102. At the time of his layoff in May 2001, plaintiff was employed as a Working Leader – Receiving and Layout Inspection in occupational group 54, labor grade 2. Def. SF ¶ 23. The occupational groups are used solely for purposes of layoff and recall. Def. SF ¶ 4. Accordingly, under the terms of the collective bargaining agreement, plaintiff did not have recall rights to an occupational group 50 position.

The position about which plaintiff complains was advertised through a job posting for a Parts Inspector C. Baldyga Dep. at 23, 25; Abrams Supp. Decl. Exh. B. According to this job description, the last day to apply for the job was March 4, 2002. Abrams Supp. Decl. Exh. B.[2] Plaintiff had already been rehired by the Company on November 19, 2001. Def. SF ¶ 101. Thereafter, plaintiff did *not* apply for the Parts Inspector C position that Grant and Ghent obtained. Baldyga Dep. at 23, 103. Indeed, the Parts Inspector C position would have been a demotion for plaintiff, as he was re-hired in November 2001 as a labor grade 8, Def. SF ¶ 101, and the Parts Inspector C position was a labor grade 9 position which paid less than what plaintiff was already making. Abrams Supp. Decl. Exh. B; Baldyga Dep. at 23, 103. Accordingly, as the Parts Inspector C position was a labor grade 9 position in occupational group 50 and plaintiff's Working Leader position (which he held at the time of his layoff) was a labor grade 2 position in occupational group 54, there is no way to logically argue that employees in the Parts Inspector C position were performing the same work as employees in the Working Leader position, as plaintiff alleged. Accordingly, plaintiff's "opposition" does not demonstrate pretext, does not demonstrate that plaintiff was laid off because of his age, and does not defeat summary judgment. *See Meng v. Ipanema Shoe Corp.*, 73 F. Supp. 2d 392, 399 (S.D.N.Y. 1999) (Title VII) (finding plaintiff failed to establish pretext and stating "the fact that Ipanema hired

---

[2]    As of March 4, 2002, Grant was 38 years old and Ghent was 40 years old.

two new employees within a year of Meng's termination does not, in and of itself, 'cast any doubt on the economic necessity of the original termination decision.'") (quoting *Viola Philips Medical Sys. of North America*, 42 F.3d 712, 718 (2d Cir. 1994)). Summary judgment must be granted in Sikorsky Aircraft's favor.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Sikorsky Aircraft's opening memorandum, Sikorsky Aircraft respectfully requests that its motion for summary judgment be granted and plaintiff's complaint be dismissed in its entirety, with prejudice.

Respectfully submitted

_____
Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C. 20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served by first class United States mail, postage prepaid, on this 14th day of February, 2005, addressed to the following:

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612

*Pro se* plaintiff

_____
Anessa Abrams

BC9580