UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND P. BALDYGA, JR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 3:02 CV 1141 (JCH) |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT | : | February 15, 2005 |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company") hereby files this opposition to plaintiff's Motion for Appointment of Counsel. Plaintiff's motion should be denied.

Pursuant to this Court's local rules, in determining whether counsel should be appointed, the Court considers the following factors: "(i) the nature and complexity of the action; (ii) the potential merit of the claims as set forth in the pleadings; (iii) the financial or other inability of the *pro se* party to retain counsel by other means; (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel; and (v) any other relevant factors." Local Civil Rule 83.10(b)(4).

Appointment of counsel is not warranted in this case. This is not a complex case. Rather, it is a straightforward employment discrimination case, wherein plaintiff claims he was laid off because of his age. Plaintiff was 45 years old at the time he was laid off. Plaintiff was

selected for layoff pursuant to the express terms of the collective bargaining agreement governing his employment. Plaintiff has no evidence of discrimination.

Plaintiff has not filed an *in forma pauperis* affidavit. Indeed, plaintiff is currently employed and had income of approximately $185,000 in the past twelve months. *See* Motion for Appointment of Counsel ¶¶ 3-5. Plaintiff's wife is also currently employed. *Id.* ¶ 10. Moreover, plaintiff owns three properties in addition to his primary residence. *Id.* ¶ 7. In addition, plaintiff admits that he can afford to pay an attorney. *See id.* ¶ 11. Plaintiff simply does not want to enter into an agreement with a lawyer that he believes is too expensive. *See id.* It appears it is merely for that reason – that litigation is more expensive than maybe plaintiff had expected (or that plaintiff is unwilling to enter into a contingency agreement proposed by the attorneys he consulted) – that plaintiff seeks appointment of counsel. Thus, the reason for plaintiff's motion is not because plaintiff is indigent or because he has minimal income.

Plaintiff claims to have contacted counsel in 2001, 2002 and 2004. *Id.* ¶ 14. When each attorney would not agree to take his case, plaintiff continued to represent himself – apparently without incident. Indeed, plaintiff waited approximately ***two years*** in between contacting Attorney Gould in 2002 and contacting Attorney Weiss in November 2004. *Id.*

Plaintiff waited until January 25, 2005 – after Sikorsky Aircraft had already moved for summary judgment – to seek appointment of counsel. There is no explanation as to why plaintiff waited to seek appointment of counsel. The only conclusion that can be drawn is that either plaintiff is engaging in delay tactics or plaintiff now realizes upon reading the Company's grounds for summary judgment that he is likely to lose – or both. This is evidenced by the fact that on February 4, 2005 plaintiff filed, among other things, a motion for extension of time for Sikorsky Aircraft to respond to plaintiff's discovery requests, a motion for a settlement

conference, and a motion for additional discovery. Under the timeline as outlined above, such tactics could only be intended to cause the Court to delay ruling on the Company's motion for summary judgment. Delaying this case any further is not in the interests of justice. This case has been pending since July 2002. As summary judgment has already been filed, and plaintiff filed an opposition on February 4, 2005, appointing counsel to represent plaintiff will not benefit the Court at this late stage of the litigation. As set forth in Sikorsky Aircraft's motion for summary judgment, plaintiff's age discrimination claims are without merit and are, indeed, completely frivolous.[1] The Court should not delay ruling on Sikorsky Aircraft's motion for summary judgment.

For the foregoing reasons, Sikorsky Aircraft respectfully requests that plaintiff's Motion for Appointment of Counsel be denied.

Respectfully submitted

_____
Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C. 20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

---

[1] Indeed, plaintiff has not even refuted many of the arguments raised by Sikorsky Aircraft in his opposition filed on February 4, 2005. Concurrent herewith, Sikorsky Aircraft has filed a reply brief in support of its motion for summary judgment.

3

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** was served by first class United States mail, postage prepaid, on this 14th day of February, 2005, addressed to the following:

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612

*Pro se* plaintiff

_____
Anessa Abrams

BC8964