UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND P. BALDYGA, JR., :
:
    Plaintiff, : Civil Action No.
: 3:02 CV 1141 (JCH)
v. :
:
SIKORSKY AIRCRAFT : February 15, 2005
CORPORATION, :
:
    Defendant. :

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY**

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "the Company") hereby opposes plaintiff's Motion for Extension of Time and plaintiff's Motion for Additional Discovery, both of which were filed February 4, 2005.

In his Motion for an Extension of Time, plaintiff seeks additional time for *Sikorsky Aircraft* to respond to his requests for discovery, and until the Court rules on his Motion for Settlement Conference, Motion for Additional Discovery, Motion for Appointment of Counsel and his opposition to Sikorsky Aircraft's motion for summary judgment. In his Motion for Additional Discovery, plaintiff seeks the dates of birth of Elaine Grant and Francis Ghent. Plaintiff states that he believed he was getting such information when it was "SO ORDERED" by Judge Goettel. Plaintiff's motions should be denied.

As an initial matter, plaintiff did not seek Sikorsky Aircraft's position on either of these motions before filing them with the Court, and plaintiff did not raise with Sikorsky Aircraft the discovery he requests in his Motion for Additional Discovery in an attempt to resolve the issue without the intervention of the Court. *See* Local Civil Rules 7(b)(3) and 37(a)(2).

Plaintiff cannot request an extension of time on behalf of Sikorsky Aircraft. He can only request an extension of time for himself. Indeed, Sikorsky Aircraft does not need additional time to respond to plaintiff's request for the two dates of birth, as set forth in more detail below. Moreover, Sikorsky Aircraft has responded to all of plaintiff's pending motions.

Discovery in this case is closed. During the telephone status conference before Judge Hall on December 13, 2004, this Court set a date for the filing of motions for summary judgment. Sikorsky Aircraft filed its motion for summary judgment on January 20, 2005. Plaintiff never mentioned during the telephone status conference that he sought additional discovery.[1] Moreover, Sikorsky Aircraft explained to plaintiff as early as November 21, 2002 that the fact that Judge Goettel "SO ORDERED" the 26(f) Report in this case did not mean that he had ordered Sikorsky Aircraft to provide plaintiff with any information or documentation. *See* Defendant's Status Report Regarding Discovery, filed October 13, 2004, Docket Number 25 (discussing the history of discovery in this case through the date of status report).

Defendant served responses to Plaintiff's First Set of Requests for Production on October 12, 2004. On December 7, 2004, defendant served supplemental responses to Plaintiff's First Set of Requests for Production. During the December 13, 2004 status conference, Judge Hall ordered Sikorsky Aircraft to serve its confidential responsive documents after the Court entered the Stipulated Confidentiality Agreement and Protective Order for this case. The Stipulated Confidentiality Agreement and Protective Order was entered on December 27, 2004, and Sikorsky Aircraft served its confidential documents on January 5, 2005. Plaintiff has failed to

---

[1] During this telephone conference, the Court explained to plaintiff, among other things, that Sikorsky Aircraft was entitled to receive a verification page for plaintiff's interrogatory responses. Sikorsky Aircraft informed the Court that it would forward a verification page to plaintiff for his signature. By letter dated December 14, 2004, Sikorsky Aircraft sent plaintiff a verification page. Plaintiff has failed to sign and return the verification to counsel for Sikorsky Aircraft.

provide any explanation whatsoever as to why he waited until February 4, 2005 to file a motion seeking additional discovery.

The above notwithstanding, Sikorsky Aircraft has already provided plaintiff with Elaine Grant's date of birth. That information is contained in the documents Sikorsky Aircraft served on October 12, 2004. Given that plaintiff now only seeks the date of birth of one other person, in the interests of justice and so as to not burden the Court with plaintiff's motion for additional discovery, Sikorsky Aircraft will provide plaintiff with the date of birth of Francis Ghent by letter of this same date.

## CONCLUSION

For the foregoing reasons, defendant Sikorsky Aircraft respectfully requests that plaintiff's Motion for Extension of Time and plaintiff's Motion for Additional Discovery be denied.

Respectfully submitted

*/s/ Anessa Abrams*

Gary L. Lieber (ct13839) (gll@saslaw.com)
Anessa Abrams (ct16594) (aa@saslaw.com)
SCHMELTZER, APTAKER & SHEPARD, P.C.
2600 Virginia Ave., N.W.
Suite 1000
Washington, D.C. 20037-1922
Phone (202) 333-8800
Fax (202) 625-3301

Edward J. Dempsey (ct05183)
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
(860) 728-6551 (fax)

Attorneys for Defendant
Sikorsky Aircraft Corporation

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY** was served by first class United States mail, postage prepaid, on this 14th day of February, 2005, addressed to the following:

Raymond P. Baldyga, Jr.
134 Delaware Road
Easton, CT 06612

*Pro se* plaintiff

Anessa Abrams

BC9957